This action was instituted on the 27th day of June, 1916, to have a sale for partition of the lands described in the complaint and to compel an accounting by the defendant of the timber cut from the said lands. The plaintiff alleged that he was the owner of three-fifths undivided interest in the said lands, and that the defendant was the owner of the remaining two-fifths interest. At the time summons issued a temporary restraining order was also issued enjoying the defendant from further cutting upon said lands. At that time the original defendants, Duncan and Pritchard, were in actual adverse possession of the said lands, claiming title thereto; the latter cutting the timber under a contract with the former, and delivering the same, also under contract, to the Southern Roller Stave and Heading Company. On 20 July, 1916, the cause coming on again to be heard, the restraining order was modified (6) by consent so as to permit the defendants to continue cutting upon the condition that the money for the timber cut, both before and after the institution of the action, be paid by said company into the hands of the clerk of the Superior Court of Tyrrell County to await the determination of the action. Under the terms of this order the following payments were made to the said clerk by the said company:
 August 1, 1916 ................................ $124.85 September 12, 1916 ............................ 82.41 September 28, 1916 ............................ 4.31 October 30, 1916 .............................. 119.07
At November Term, 1916, one B. F. Spruill, son-in-law of Duncan, upon his own ex parte application made upon affidavit, stating that he claimed to be owner of the locus in quo, and asking to be made a party defendant, was permitted by the court to intervene and become a party defendant to said suit. On 10 September, 1917, Spruill filed a pleading in which it appeared that he claimed to own the lands in hostility to both plaintiff and defendant upon an alleged paramount and independent title. At October Special Term, 1917, and at November Term, 1917, orders were made in the cause allowing "time to amend pleadings." At Spring Term, 1918, of said court, Spruill having failed to amend his pleadings so as to allege any cause of action connected with either the plaintiff or defendant, plaintiff, after due notice, moved to strike out the order of the court allowing Spruill to intervene, and also to strike out the pleading filed by Spruill in consequence of such order. Motion denied, and plaintiff excepted. Upon the trial Spruill, intervenor, introduced a *Page 7 
chain of paper title deraigned from the State and vesting in Spruill on 2 August, 1916, by deed from John L. Roper Lumber Company.
At the conclusion of the intervenor's testimony, and also at the conclusion of the whole evidence, plaintiff moved for judgment as of nonsuit. Motion denied, and plaintiff excepted. Judgment rendered as appears in the record, to which plaintiff excepted and appealed to the Supreme Court.
The case of McNair v. Pope, 104 N.C. 351, is decisive against the plaintiff on both questions presented by the appeal.
In that case the action was commenced in 1885 to establish a parol trust, and pending the action a receiver was appointed, who collected certain rents and profits from the land, which (7) he held subject to the order of the court, and A. and W. McQueen were allowed to intervene for the purpose of claiming the rents and profits against both parties to the action under an agricultural lien executed in 1886, and it was held that "His Honor very properly allowed A. and W. McQueen, the agricultural lienees, to intervene and assert their alleged rights in the fund held by the receiver," and that it was clear "that the lienees are entitled to be paid for any advances, etc."
Affirmed.